UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY RUSSELL MARSHALL,

        Petitioner,        Case No. 1:07-cv-959

v.        Honorable Janet T. Neff

THOMAS K. BELL,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.    Factual allegations

Petitioner was convicted in the Oakland County Circuit Court of receiving and concealing a stolen motor vehicle, MICH. COMP. LAWS § 750.535(7), second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), and breaking and entering with intent to commit larceny, MICH. COMP. LAWS § 750.110.  On May 10, 2005, the trial court sentenced him to terms of imprisonment of five to twenty years, ten to twenty years, and three to fifteen years, respectively.  The Michigan Court of Appeals affirmed his conviction in an unpublished opinion issued October 19, 2006.  The Michigan Supreme Court subsequently denied his application for leave to appeal on March 26, 2007.

Petitioner now raises the following grounds for habeas corpus relief:

I.    PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO BE FREE OF CONVICTION IN THE ABSENCE OF PROOF BEYOND A REASONABLE DOUBT.  AM V AND XIV.

II.   THE TRIAL COURT VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION WHEN THE STATEMENT OF BONNIE MILLS WAS USED TO REBUT KIM MILLS TESTIMONY WITHOUT CALLING BONNIE MILLS TO TESTIFY OR ESTABLISHING SHE WAS NOT AVAILABLE TO TESTIFY.

III.  DEFENDANT'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED WHEN COUNSEL FAILED TO PROTECT DEFENDANT'S RIGHT TO AN IMPARTIAL JURY.

IV.   DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING AND/OR RESENTENCING WHERE HE WAS ERRONEOUSLY SENTENCED AS AN HABITUAL FOURTH OFFENDER AND SCORED INCORRECTLY BASED ON INACCURATE INFORMATION IN VIOLATION OF HIS DUE PROCESS RIGHTS.

V.    DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN THE COURT ASSESSED RESTITUTION

> WITHOUT A DETERMINATION OF THE ACTUAL AMOUNT. CONST. AMS V; VI; XIV.

II.  Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

On direct appeal in the Michigan Court of Appeal, Petitioner raised numerous claims. He sought leave to appeal to the Michigan Supreme Court raising six of those claims, including the claims raised in Grounds I, II, III, and V of his petition. Petitioner did not raise his sentencing claim

(Ground IV) on direct appeal.  He argues, however, that his fourth ground for habeas relief should be considered exhausted because he raised it in a motion to the Michigan Court of Appeals for remand to hold an evidentiary hearing.  His motion was denied by the court of appeals on May 17, 2006.

Petitioner does not demonstrate the requisite exhaustion of state-court remedies of his fourth habeas ground.  As previously discussed, to fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66.  Raising an issue solely in a motion for remand does not fairly present the question for merits review, even in the Michigan Court of Appeals.  Moreover, Petitioner makes no attempt even to argue that he presented the issue to the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  M.C.R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year  limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 26, 2007.

Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 25, 2007. Accordingly, Petitioner has one year thereafter, until June 25, 2008, in which to file his habeas petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner has well more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations, so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is

not warranted.  Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be dismissed for failure to exhaust state court remedies.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  October 2, 2007                     /s/  Joseph G. Scoville
                                            United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).