UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LARRY RUSSEL MARSHALL, #182705,
        Petitioner,                                    No. 1:07-cv-959
vs.                                                    Hon R. Allan Edgar
                                                        United States District Judge
THOMAS BELL,
        Respondent.
_____/

## OPINION AND ORDER

      Petitioner Larry Marshal, Michigan Department of Corrections parolee, filed this pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction. Petitioner was convicted by a jury of second-degree home invasion and possession of a stolen motor vehicle. He was sentenced as a fourth-felony habitual offender to 10 to 20 years for the home invasion conviction and 5 to 20 years for the possession of a stolen vehicle conviction.

      Petitioner maintains that his conviction was obtained in violation of his federal rights. Petitioner's amended petition raised nine grounds for relief. The parties have briefed the issues and the matter is now ready for decision. After reviewing the claims, this Court concludes that Petitioner is not entitled to habeas relief.

### I. Standard of Review

      This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011) (citing with approval *Harris*, 212 F.3d at 943 n.1). Where the circumstances suggest that the state court actually considered the issue, including where a state court has issued a summary affirmance, the review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harrington*, 2011 WL 148587,

at *9; *Harris*, 212 F.3d at 943.  However, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer."  In such circumstances, the court conducts *de novo* review.  *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);  *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## II. Claims

Petitioner argues that this Court should grant him relief for the following reasons:

> I. Petitioner was denied his constitutional right to be free of conviction in the absence of proof beyond a reasonable doubt. U.S. Const. Am. V, XIV; Mich. Const. Art 1 § 17.
>
> II. The trial court violated defendant's Sixth Amendment right to confrontation when the statement of Bonnie Mills was used to rebut Kim Mills testimony without calling Bonnie Mills to testify or establishing she was not available to testify.
>
> III. The constitutional right to the effective assistance of counsel was violated when counsel failed to protect defendant's right to an impartial jury.
>
> IV. Petitioner's sentence was invalid because it was based on inaccurate information, i.e.: improper scoring of the legislatively imposed sentencing guidelines and the fourth offender acts. Therefore, his due process rights were violated.
>
>> A. The Petitioner has a constitution right to be sentenced based on accurate information.
>>
>> B. In this case the prosecutor had the burden of proof to establish guidelines scoring by a preponderance of the evidence.

3

        1. Defendant is not a fourth habitual offender.

        2. Inaccurate guidelines scored.

V. Correctly scoring the guidelines would require resentencing.

VI. The petitioner is entitled to resentencing because of ineffective assistance of counsel.

VII. Petitioner was deprived of his constitutional rights to due process when the trial court assessed restitution without a determination of the actual amount. The sentencing court may not order restitution with respect to a loss for which the victim or his estate has received or will receive compensation, including compensation by insurance company.

    A. The trial court assessed restitution without a determination of the actual amount.

VIII. Independent fact finding by the sentencing judge to set a determinate sentence of restitution violates Mr. Marshall's Sixth Amendment rights to a jury trial.

IX. Mr. Marshall was denied the effective assistance of appellate counsel where his appellate attorney did not raise the above issues in his appeal by leave.

Respondent argues that claims four through nine are procedurally defaulted. This Court will first address the procedural default issue before turning to the merits of his properly raised claims.

**i. Procedural Default**

    When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

In *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010), the Sixth Circuit, in an *en banc* decision, held that brief form orders by the Michigan appellate courts invoking MICH. CT. R. 6.508(D) are unexplained orders within the meaning of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991). Such form orders are presumed to uphold or reject the last reasoned decision below. *Guilmette*, 624 F.3d at 691-92. As a result, absent an explained decision from some Michigan court applying Rule 6.508(D), the federal court may not invoke procedural default to dispose of a habeas claim that has been rejected by the Michigan courts on the grounds of MCR 6.508(D). Under *Guilmette*, it is apparent that an appellate form order is merely an affirmance of what was done below, not a presumed procedural default.

Respondent argues that Petitioner's fourth through ninth claims are procedurally defaulted because the trial court, citing M.C.R. 6.508(D)(3), denied Petitioner's motion for relief from judgement. The Michigan Court of Appeals and Michigan Supreme Court upheld this procedural denial based on M.C.R. 6.508(D)(3). *People v. Marshall*, No. 292841 (Mich. App. Nov. 30, 2009); *People v. Marshall*, No. 140262 (Mich. July 26, 2010). Accordingly, this Court looks to the Michigan trial courts explained decision applying M.C.R. 6.508(D)(3).

Under MICH. CT. R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For a claim that could have been raised in a previous appeal, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because MICH. CT. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place thereafter, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

Petitioner here failed to raise the issues in his motion for relief from judgment on direct appeal and the state trial court applied a firmly established and regularly followed state law procedural rule to deny Petitioner relief. The trial court applied the "cause and prejudice"

5

standard to each of Petitioner's claims and found that he failed to overcome his burden of establishing entitlement to relief:

> Defendant now seeks relief from judgment based on the following grounds: (1) inaccurate scoring of the sentencing guidelines, specifically the scoring of PRV-1, OV 4, OV 9, and OV 16; (2) invalid sentence enhancement; (3) ineffective assistance of trial counsel; (4) imposition of restitution without determining actual loss value; (5) lack of authority to order restitution where victim was compensated by his insurer; (6) lack of jurisdiction to enforce restitution order; (7) a *Blakely* violation; and (8) ineffective assistance of appellate counsel.
>
> "Post-conviction relief is provided for the extraordinary case in which a conviction constitutes a miscarriage of justice." *People v Reed*, 449 Mich 375, 381; 535 NW2d 496 (1995) (Boyle, J). Defendant has the burden of establishing entitlement to the relief requested. This Court may not grant a motion for relief from judgment that alleges grounds for relief that were decided against the defendant in a prior appeal or 6.500 motion, unless the defendant establishes a retroactive change in the law that has undermined the prior decision. MCR 6.508(D)(2). Additionally, this Court may not grant a motion for relief from judgment that alleges grounds for relief, other than jurisdictional defects, that could have been raised on appeal or in a prior motion, unless the defendant demonstrates both good cause for failure to raise the issue and actual prejudice from the alleged irregularities that support the claim of relief. MCR 6.508(D)(3).
>
> "Cause for excusing procedural default is established by proving ineffective assistance of appellate counsel, pursuant to the standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), or by showing that some external factor prevented counsel from previously raising the issue." *Reed Supra* at 378 (Boyle, J.) 402 (Cavanagh, J.)
>
> To demonstrate "actual prejudice," a defendant must show that but for the alleged error, the defendant would have had a reasonably likely chance of acquittal, or that the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case. MCR 6.508(D)(3)(b)(i) and (iii). In the case of a challenge to the sentence, actual prejudice means that the sentence is invalid. MCR 6.508(D)(3)(b)(iv). A sentence is invalid if it is based on inaccurate information. *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). If either "good cause" or "actual prejudice" is lacking, this Court need not address the other prong before denying the motion. *People v Jackson*, 465 Mich 390, 405-406; 633 NW2d 825 (2001).
>
> An appellate attorney is not required to raise every conceivable issue. *People v Reed*, 198 Mich App 639, 646; 499 NW2d 441 (1993). The failure to assert all arguable claims is not sufficient to overcome the presumption that counsel functioned as a reasonable appellate attorney in selecting the issues presented. *Id.* Moreover, counsel is not required to advocate a meritless position. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).
>
> A. <u>Sentence</u>

1. <u>Tennessee Convictions.</u>  Defendant's challenge to his sentence is based on his claim that the self-reported Tennessee aggravated burglary conviction used to score his sentencing guidelines and to enhance his sentence was dismissed as part of a plea agreement.  He also alleges that the self-reported Tennessee felony theft conviction used for the same purposes was actually a misdemeanor.  He argues that his trial counsel was ineffective for failing to investigate the convictions, and that his appellate counsel was ineffective for failing to present the issue on appeal.  Generally, this Court would have to determine if a reasonable appellate attorney could conclude that no meritorious appellate issue existed in regard to whether trial counsel was ineffective because he failed to challenge the presentence investigation report, the guidelines scoring and the habitual offender sentence enhancement.  In this case, however, any alleged defects in the assistance of defendant's appellate counsel were cured by the Court of Appeals' review of the arguments raised in Defendant's motion to remand.  See *People* v *Oster* (On Resubmission), 97 Mich App 122, 141; 294 NW2d 253 (1980).  In addition, Defendant has failed to establish the factual predicate for his claim, *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), and this Court will not undertake discovering and rationalizing the basis for his claim.  *People v Harmon*, 248 Mich App 522, 533; 640 NW2d 314 (2001).

At trial, Defendant pleaded guilty to being an habitual offender, fourth, and he confirmed under oath that he had a 1999 conviction for the felony of aggravated burglary in Tennessee, that he had a 1999 conviction for the felony of theft over $1,000 in Tennessee, and that he had a 1986 conviction for the felony of breaking and entering an occupied building with the intent to commit larceny in Oakland County.  (Tr, Trial, 3/14/05, p 207.)  At sentencing, trial counsel verified that he had met with Defendant and reviewed the presentence report, and that "there [were] no factual corrections to the presentence report."  (Tr, Sentencing, 5/10/05, p 3.)  In his pro per motion for remand, Defendant again confirmed the felony conviction, stating, "Appellant was only convicted of Aggravated Burglary . . ."

The unverified photocopies of a judgment and a dismissal submitted by Defendant are too ambiguous to confirm his statement that the charge of aggravated burglary was dismissed or that he never was convicted of a felony theft.  This Court notes that Defendant is listed as an absconder on the public Tennessee Felony Offender Information Lookup, which pertains to "felony offenders."  Defendant has failed to establish that counsel was ineffective for failing to raise the issue or that he suffered any prejudice as a result.  *Snider*, supra.  This Court cannot grant the relief requested on these grounds.

2. <u>Guidelines Scoring and Sentence Enhancement</u>.  As noted, Defendant raised the guidelines scoring and the sentence enhancement issues in his motion to remand.  However, because the denial of Defendant's motion expressed no opinion on the merits, the law of the case doctrine does not affect this Court's consideration of this issue.  *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).  Still, this Court cannot grant relief on these grounds.

MCL 769.34(10) provides that if a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines

7

or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines, or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. *People v Greene*, 477 Mich 1129, 1132; 730 NW2d 478 (2007). The motion for remand preserved the scoring issue for appeal.

Defendant filed a Standard 4 brief, wherein he raises several issues, including ineffective assistance of trial counsel, but not the guidelines scoring or sentence enhancement issues. Clearly, having presented them in his motion to remand, Defendant was aware of the scoring issues when he filed his supplemental brief on appeal. He has not alleged some external impediment prevented him from presenting the issues in his Standard 4 brief, and good cause does not exist "when a delay occurs because of defendant's own conduct or unwarranted behavior." *People v Carpentier,* 446 Mich 19, 44; 521 NW2d 195 (1994) (Riley, J., concurring). Defendant has failed to establish the requisite good cause for failing to present the issue on appeal and this Court cannot grant the relief requested. MCR 6.508(D)(3). In addition, because the motion to remand preserved the issues for appeal, Defendant cannot establish actual prejudice as a result of trial counsel's failure to object to the scoring at sentencing.

Furthermore, a sentencing court has discretion in determining the number of points to be scored provided that evidence of record adequately supports a particular score. See *People v Leversee*, 243 Mich App 337, 349; 622 NW2d 325 (2000); *People v Elliott*, 215 Mich App 259, 261; 544 NW2d 748 (1996). A review of the record adequately supports the scoring of PRV 1, OV4, OV9, and OV 16, as well as the habitual offender enhancement.

a. PRV 1 – Under PRV 1 of the sentencing guidelines, points may be assessed for prior high severity felony convictions, and a "conviction" is defined as an adjudication of guilt in an adult criminal matter. Defendant argues that PRV 1 was scored inaccurately at 75 points because it included the Tennessee convictions, and that it should have been scored at 50. He claims that both his trial and appellate counsel were ineffective for failing to raise this issue. As noted, Defendant has failed to establish entitlement to relief on this ground.

b. OV 4 – Ten points are to be scored for OV 4 if serious psychological injury requiring treatment occurred to a victim. The fact that a victim might not yet have sought treatment is not conclusive in making the scoring decision. MCL 777.34(2). Defendant raised this issue in his motion to remand, claiming as he does now, that no evidence supported a finding that the victims suffered serious psychological injury requiring treatment. However, the victims reported that they had lost their peace of mind and did not believe they could continue living in their home. Because Defendant had told his drug associates that the victims spent their winters in Florida, they felt that they could not continue living their lives knowing that people would be watching their home while they were away. As a consequence, the victims put their home up for sale. As the victim impact statement confirms, "Defendant took everything from them, including their peace

8

of mind." Clearly, the victims suffered emotionally and encountered many problems as a result of Defendant's actions; OV 4 was properly scored at ten points.

c. OV 9 – Defendant challenged the scoring of OV 9 in his motion to remand claiming, as he does here, that the victims were not at home when the crime occurred. At the time Defendant was sentenced, MCL 777.39(2)(a) stated that "each person who was placed in danger of injury or loss of life" must be counted as a victim under OV 9. Ten points are to be assessed when there were two to nine victims. MCL 777.39(1)(c). The Legislature did not limit scoring OV 9 to actual physical injury, but, rather, included nonphysical injury, including damage to property. *People v Melton*, 271 Mich App 590, 600; 722 NW2d 698 (2006). OV 9 was properly scored at ten points because Defendant damaged and stole property belonging to two separate victims.

d. OV 16 – Defendant received a score of 10 points for OV 16, which is provided for when property "had a value of more than $20,000.00." MCL 777.46(1)(b). A defendant may be assigned ten points for OV 16 when "wanton or malicious damage occurred beyond that necessary to commit the crime for which the offender is not charged and will not be charged." Defendant challenged the scoring of OV 16 in his motion to remand, arguing that there was no evidence to support a finding that wanton or malicious damage occurred beyond what was necessary to commit the crime. He also argued that there was no evidence that the value of the property exceeded $20,000.00  He makes those same arguments here.

Testimony showed that, besides breaking in the door, Defendant also ransacked the home. The victims confirmed that, over a period of 2-1/2 weeks, Defendant "removed everything from the home and did an extensive amount of damage including kicking in the door, ripping wires out of the wall and ruining [the] carpet." The house was described as "totally trashed," demonstrating wanton or malicious damage beyond what was necessary to commit the crime. In addition, as will be discussed below, the value of the property exceeded $20,000.00.

Defendant has not established an error in the guidelines scoring. This Court lacks authority to resentence Defendant as "the court may not modify a valid sentence after it has been imposed." MCR 6.429(A); *People v Bingaman*, 144 Mich App 152, 158-159; 375 NW2d 370 (1984). Consequently, Defendant cannot show that but for his counsel's failure to raise the issues, the result of the proceeding would have been different. *People v Carbin,* 463 Mich 590, 600; 623 NW2d 884 (2001). Defendant has not established actual prejudice and this Court cannot grant relief requested.

B. <u>Restitution</u>. Defendant's claims concerning the amount of restitution or when it is collectible have already been addressed by this Court and by the Court of Appeals. This Court has previously stated that it relied on the SPIR when determining the amount of restitution. As noted, the victims described the house as "trashed," with the door kicked in, wiring pulled out of the walls and carpeting ruined. The PSIR indicated that the victims had received one insurance check for $26,000.00 to *make repairs*. The report also indicated that the personal property

> stolen from the house was valued at $73,000.00. In addition, the uninsured motor vehicle stolen by Defendant was damaged to the point where it was no longer drivable. As the Court of Appeals ruled, because Defendant did not challenge the amount identified in the report, and because the information in the report was presumed accurate, there was no need for an evidentiary hearing. Defendant has not alleged a retroactive change in the law that has undermined those decisions and this Court cannot grant relief on these ground. MCR 6.508(D)(2).
>
> Furthermore, Defendant's reliance on MCL 780.766(12)(c) in support of his claim concerning this Court's jurisdiction to enforce or collect restitution is misplaced. That subsection was removed when the statute was rewritten by 1996 PA 562. The statute in effect at the time Defendant was sentenced expressly states that an order of restitution remains effective until it is satisfied in full. MCL 780.766(13).
>
> C. <u>Blakely Violation</u>. Defendant's reliance on *Blakely* in support of his argument that this Court engaged in improper independent fact-finding when imposing sentence is also misplaced. Our Supreme Court has repeatedly held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme. *People v Drohan*, 475 Mich 140, 148, 155, 160; 715 NW2d 778 (2006); *People v Claypool*, 470 Mich 715, 730 n 14; 684 NW2d 278 (2004). Because there was no *Blakely* violation, counsel was not ineffective for failing to object on this basis or to raise the issue on appeal. *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005) (counsel not required to make meritless objection).
>
> In conclusion, Defendant has failed to meet his burden of establishing entitlement to relief. He has not established a factual predicate for his claims based on the use of the Tennessee convictions for scoring his guidelines and enhancing his sentence. He has not alleged a retroactive change in the law that has undermined this Court's or the Court of Appeals prior decisions concerning restitution, and he cites no persuasive authority in support of his claim concerning the collection of restitution. He has not established ineffective assistance of either trial or appellate counsel. Consequently, he has satisfied neither the good cause nor the actual prejudice prong of the two-part standard of MCR 6.508(D)(3) and this Court cannot grant the relief requested.

*People v. Marshall*, No. 05-200850-FH (Mich. Cir. Ct. Aug. 19, 2008) (footnote omitted). This Court holds that Petitioner procedurally defaulted claims four through eight because the trial court, Michigan Court of Appeals, and Michigan Supreme Court held that petitioner failed to comply with M.C.R. 6.508(D) and enforced the rule to bar the claims presented. The state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. Accordingly, Petitioner's fourth through eighth claims are procedurally defaulted.

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual

prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner does not argue or demonstrate cause and prejudice for his failure to comply with the state procedural rules. Nor does petitioner argue that a fundamental miscarriage of justice results or that he was actually innocent. With regard to actual innocence, Petitioner's fourth through ninth claims all challenge or directly relate to the validity of his sentence, not his actual conviction. Accordingly, Petitioner has procedurally defaulted claims four through eight. Petitioner's ninth claim, for ineffective assistance of appellate counsel, however, is not procedurally defaulted. *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010), (holding that a claim of ineffective assistance of appellate counsel may not properly be deemed procedurally defaulted under MICH. CT. R. 6.508(D) when it is raised for the first time motion for relief from judgment under MICH. CT. R. 6.502); s*ee Henderson v. Palmer*, No. 11-1943, slip op. at 9 (6th Cir. Sept. 12, 2013). Petitioner raised the claim of ineffective assistance of appellate counsel for the first time in his motion for relief from judgment. The trial court held that his appellate counsel was not ineffective. This claim is not procedurally defaulted. This Court will address the merits of that claim below.

**ii. Proof Beyond a Reasonable Doubt**

Petitioner argues that he was convicted in violation of his right to be convicted by proof beyond a reasonable doubt. Respondent argues that Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, established federal law. Respondent is correct.

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony,

11

to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)).

After the conviction, Petitioner filed a motion for a new trial based on this argument. The court of appeals addressed Petitioner's sufficiency of the evidence argument:

> Defendant first argues that there was insufficient evidence to support his convictions, and that the trial court therefore erred in denying his motion for a directed verdict of acquittal. We disagree. "When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).
>
> Defendant was convicted of violating MCL 750.110a(3), which states:
>
>> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.
>
> Defendant was also convicted of violating MCL 750.535(7), which states, in relevant part, "A person shall not buy, receive, possess, conceal, or aid in the concealment of a stolen motor vehicle knowing that the motor vehicle is stolen, embezzled, or converted."

> Viewed in a light most favorable to the prosecution, the evidence indicated that the victims traveled to Florida for the winter and locked their house before they left. While they were still in Florida, a neighbor observed a person, whom he identified as defendant, entering the victims' home and leaving in a truck full of furniture. The truck's license plate was covered, and defendant and the driver pulled their hoods over their heads when they saw the neighbor looking at them. The police found signs of forced entry into the home, and the home was ransacked and most of the belongings were missing.
>
> Defendant was also observed by two neighbors in possession of a black Bonneville. Defendant poured a gas and oil mixture, intended for a lawnmower, into the Bonneville's gas tank. The victims' black Bonneville car was later found abandoned near the area where defendant was seen with the car. The car would not run properly because "bad gas" had been poured into the gas tank. This evidence, together with the reasonable inferences arising from it, *People v Reddick*, 187 Mich App 547, 551; 468 NW2d 278 (1991), was sufficient to enable the jury to find beyond a reasonable doubt that defendant intentionally entered the victims' home without permission, stole the victims' furniture and belongings, and later possessed the victims' stolen motor vehicle. The credibility disputes and factual questions raised by defendant were for the jury to resolve and may not be resolved anew by this Court. *People v Vaughn*, 186 Mich App 376, 380; 465 NW2d 365 (1990). Therefore, the trial court did not err in denying defendant's motion for a directed verdict.

*People v. Marshall*, No. 262996, 1–2 (Mich. App. Oct. 19, 2006). The court of appeals applied a standard analogous to *Jackson v. Virginia*, reviewed the statues used to conviction the Petitioner, and the facts of the case in a light most favorable to the prosecution. This application was not objectively unreasonable. Accordingly, Petitioner is not entitled to relief on this claim.

### iii. Confrontation Clause

Petitioner also argues that his constitutional right to confront was violated when the trial court permitted the prosecution to impeach Kim Mills with Bonnie Mills's prior statement without calling Bonnie to testify. Testimonial out-of-court statements by witnesses are barred under the Confrontation Clause unless witnesses are unavailable and defendants had a prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court. *Crawford v. Washington*, 541 U.S. 36 (2004) (abrogating *Ohio v. Roberts*, 448 U.S. 56 (1980)). However, as the court of appeals notes, Petitioner's characterization of the issue is incorrect:

> The record does not support defendant's claim that Kim Mills was impeached with Bonnie Mills' statement. The record discloses that Kim Mills was unable to write, so Bonnie Mills wrote down Kim's statements to the police word for word, and Kim thereafter signed the statement. Therefore, the statements were Kim's own statements and could be used to impeach Kim's testimony at trial without calling Bonnie to testify or showing that Bonnie was unavailable. Further,

> because Kim Mills testified at trial, was available for cross-examination concerning the prior statements, and the prior statement was used for impeachment, not its truth, defendant's constitutional right of confrontation was not violated. See *Crawford v Washington*, 541 US 36, 59 n 9; 124 S Ct 1354; 158 L Ed 2d 177 (2004).

*People v. Marshall*, No. 262996, 3 (Mich. App. Oct. 19, 2006). The Michigan Court of Appeals properly applied the standard enunciated in *Crawford v. Washington*. A review of the record indicates that the court of appeals analysis is correct. The written statement was made by Kim Mills (even though handwritten for her by Bonnie Mills) and she testified at trial and was available for cross-examination. This Court will not grant Petitioner relief because the court of appeal's evaluation of this claim was not contrary to or an unreasonable application of clearly established federal law.

### iv. **Ineffective Assistance of Appellate Counsel**

Petitioner takes issue with the performance of his appellate counsel, specifically that the issues he raised on his motion for relief from judgment should have been raised on direct appeal. This Court is obligated to deferentially review the state courts conclusions, not to review anew the issue of ineffective assistance of appellate counsel. Ordinarily, claims of ineffective assistance of counsel are subject to *Strickland's* two-part test: that the lawyer provided deficient counsel and that the defective representation prejudiced the outcome. 466 U.S. 668, 687 (1984). Specific to appellate counsel, an appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. It is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

The trial court addressed each of Petitioner's arguments brought in his motion for relief and determined that "[h]e has not established ineffective assistance of either trial or appellate counsel." *See supra* Part II.i. The trial court applied the "cause and prejudice" standard to each

14

of Petitioner's claims and found that he failed to overcome his burden of establishing entitlement to relief.

The trial court's review of these claims is thorough and this Court will not second guess it. The trial court denied any relief on these issues and gave no indication that any were clearly stronger than those presented by appellate counsel on direct appeal. Because these issues lack merit, his appellate counsel was not ineffective for failing to raise them issue on appeal. Petitioner has not met the first prong of *Strickland*: that his appellate counsel was deficient in his performance. Petitioner has not put forth any new facts that would change this outcome. Consequently, Petitioner fails to show that his appellate counsel provided deficient counsel.

### III.

The Court holds that Petitioner's claims are without merit. In addition, if Petitioner should choose to appeal this action, the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. This Court denies Petitioner a certificate of appealability as to each issue raised.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith. Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is hereby DENIED.

Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED**. A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:   2//26/2015                              */s/ R. Allan Edgar*
                                                 R. Allan Edgar
                                                 United States District Judge